United States District Court
Southern District of Texas
**ENTERED**
February 08, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:17-538** |
| | § | |
| **MIGUEL OLIVERA SANCHEZ,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Miguel Olivera Sanchez's Motion for the Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i). D.E. 59.

## I. BACKGROUND

Defendant was convicted of possession with intent to distribute 4.5 kilograms of cocaine. He has served approximately 58 months (60%) of his 97-month sentence and has a projected release date, after good time credit, of February 13, 2025. He now moves the Court for immediate release based on: (1) his conditions of confinement; (2) the COVID-19 pandemic; (3) the danger created by COVID-19 vaccines; (4) inadequate medical treatment; (5) deliberate indifference by the Bureau of Prisons; and (6) "unfairness." Defendant submitted an administrative request for compassionate release based on "family issues, prison conditions, COVID-19, lack of programming, monkeypox, and my health issues" on October 25, 2022. D.E. 59-7. He does not indicate whether he received a response.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

1

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

*(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant.** –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

2

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after

---

(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B)  Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**
(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

**III. ANALYSIS**

**A. Extraordinary and Compelling Reasons**

**1. Conditions of Confinement**

Defendant complains that during his entire incarceration, BOP has provided care that is "substandard by design" with respect to "everything," including education, programming, recreation, food service, commissary, religious service, and medical care. D.E. 59, p. 9. Specifically, inmates are given used clothing that smells bad; the prison does not have the required square footage or bathroom facilities to accommodate the number of inmates; drug use

4

and access to drugs is "off the charts;" and sexual intercourse between males is "nothing short of rampant." *Id.*, p. 10.

To the extent Defendant wishes to pursue what appear to be Eighth Amendment claims against the BOP based on his alleged conditions of confinement, he may file a separate civil action. However, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

### 2. COVID-19 Pandemic

Defendant next complains about BOP's response to the COVID-19 pandemic generally and claims that "if you get sick, the BOP will not provide even the necessary minimum level of care to assist in your recovery and convalescence." D.E. 59, p. 11.

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak.

*Koons*, 455 F. Supp. 3d at 290–91.

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and

presented multiple, severe, health concerns. . . . Fear of COVID doesn't
automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

Defenant has offered no evidence that he is particularly vulnerable to severe illness or
death from COVID-19 or that he has contracted COVID-19 and been denied medical care. This
is not an extraordinary reason for a sentence reduction.

### 3. COVID-19 Vaccines

Defendant further argues that COVID-19 vaccines are not only ineffective, they are also
dangerous. According to Defendant, COVID-19 vaccines may increase the risk of COVID-19
infection and cause unknown organ damage and cardiovascular disease.

The Centers for Disease Control and Prevention has published known risk factors for the
various COVID-19 vaccines and monitors adverse reactions reported to the Vaccine Adverse
Event Reporting System. *See Selected Adverse Events Reported after COVID-19 Vaccination,*
CDC (Jan. 30, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/adverse-events.html. Defendant's medical records state that he was given the COVID-19 Janssen vaccine
on July 11, 2022. D.E. 59-9, p. 17. There is nothing in the record to indicate that he experienced
any adverse reaction to the vaccine. This is not an extraordinary reason for a sentence reduction.

### 4. Inadequate Medical Treatment

Defendant next complains that he suffers from high blood pressure, morbid obesity,
abdominal hernia, hyperlipidemia, and other "laboratory abnormalities that the BOP medical
staff have purposely failed to address." D.E. 59, p. 25. He claims the medical director and only
physician at FCI Loretto is a pediatric infectious disease specialist who is "not trained to treat
adult patients," and the four physician assistants under the director's supervision are improperly
trained and regularly deny care and/or "unethically practice medicine that is outside the scope of

their clinical expertise." *Id.*, p. 20. Defendant further alleges that: the food provided by BOP is unhealthy and causes obesity, but the medical staff offer no treatment "[o]ther than falsely documenting 'counseling' or the issuance of a 'handout;'" prison living conditions prevent inmates from making lifestyle changes to lower their blood pressure; and BOP medical staff "merely go through the motions" in treating high cholesterol by prescribing statin medications without "adding additional agents." *Id.*, pp. 22–25.

Defendant's medical records list his current conditions as unspecified abdominal hernia, chronic knee pain, and morbid obesity. D.E. 59-9. He underwent a preventative health screening when he was transferred to FCI Loretto in July of 2022. His blood pressure was elevated at that time, and he was prescribed medication for primary hypertension, which was deemed resolved as of September 6, 2022. He also lost 10 pounds during that same timeframe. His September 20, 2022, electrocardiogram was normal. A lipid panel from more than three years ago reported that Defendant's triglycerides and LDL cholesterol were high, and his HDL cholesterol was low; however, he did not report this diagnosis during his recent health screening, and there is nothing to indicate that he currently suffers from lipidemia. In sum, Defendant has offered no evidence that BOP medical staff are inadequately trained or that he has received inadequate medical care in prison.

### 5. Deliberate Indifference "Personified"

Defendant next cites a recent case from the Middle District of Florida, which he argues will substantiate his claims in Parts III.A.1-4, *supra. See United States v. Bardell*, — F.Supp.3d —, 2022 WL 4944552 (M.D. Fla. Oct. 4, 2022) (holding BOP and warden in civil contempt and ordering monetary sanctions for their failure to comply with court's compassionate-release order for prisoner with terminal cancer, under which BOP and warden were directed to release prisoner

from custody only after having an approved release plan developed by prisoner's attorney and Probation Office, where prisoner died nine days after being left alone and without a wheelchair at airport curb, without any consideration of his need for assistance for his medical condition). The circumstances of Mr. Bardell's treatment both during and after his release from custody are inexcusable; however, the actions of the warden and staff at FCI Seagoville in Texas are insufficient to prove that staff at FCI Loretto in Pennsylvania have been deliberately indifferent to Defendant's medical needs.

### 6. Unfairness

Finally, Defendant "believes that the things he's been subjected to are unfair." D.E. 59, p. 28. Most, if not all, inmates likely feel that prison is "unfair." This is not extraordinary.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

Defendant was convicted by a jury of trafficking cocaine. He testified at trial, denying the essential elements of the offense, but was not prosecuted for perjury. Based on the nature and circumstances of the offense of conviction, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable

policy statements issued by the Sentencing Commission and § 3553(a). Defendant's Motion for the Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 59) is therefore **DENIED**.

It is so **ORDERED** this 6th day of February, 2023.


_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE